UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICKEY R. RICHARD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-12892**<br>**C/W 19-13281** |
| **HOUMA POLICE DEPARTMENT, ET AL.** | **SECTION "J"(4)** |

## REPORT AND RECOMMENDATION

These consolidated matters were referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the consolidated records, the Court concludes that the matters can be disposed of without an evidentiary hearing.

### I.      Factual and Procedural Background

Rickey R. Richard was a pretrial detainee housed in the Terrebonne Parish Criminal Justice Complex at the time of the filing of these *pro se* and *in forma pauperis* complaints pursuant to 42 U.S.C. § 1983.[1] Richard filed his complaints against the Houma Police Department, Officer Oliver Holmes, the Plantation Truck convenience store, and the store's unidentified staff.

Richard alleges that, on September 4, 2019,[2] while walking to a friend's house, he was stopped by police placed in handcuffs, and driven to the Plantation Truck, a convenience store in Houma, Louisiana. An employee from the store looked at him and identified him as the man who stole a 12-pack of Michelob beer and rode away on a bicycle. Richard states that he was arrested

---

[1] Rec. Docs. 4, 6 (Civ. Action 19-12892); Rec. Doc. 1 (Civ. Action 19-13281).
[2] Rec. Doc. 6 (Civ. Action 19-12892).

and taken to the Terrebonne Parish Jail. Richard filed these complaints seeking monetary damages for slander, pain and suffering, mental anguish, false accusations, and false imprisonment.

## II.      Standards of Review for Frivolousness

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318, 325 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A [claim] lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28). Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### III.     Analysis

#### A.     Claims against the Houma Police Department

Richard named the Houma Police Department as a defendant because his detention and arrest were made by one if its officers. The police department, however, is not a proper defendant and any claims against it should be dismissed as frivolous.

Pursuant to Federal Rule of Civil Procedure 17(b), the capacity to sue or be sued is determined "by the law of the state where the Court is located." Fed. R. Civ. P. 17(b) In this case, Louisiana law determines whether the Houma Police Department can be sued. To possess such a capacity under Louisiana law, an entity must qualify as a "juridical person." *Dugas v. City of Breaux Bridge Police Dep't*, 757 So. 2d 741, 743 (La. App. 3rd Cir. 2000). Louisiana law provides that "[a] juridical person is an entity to which the law attributes personality." La. Civ. Code art. 24. Louisiana law also provides that a city, not its police department, is a juridical entity capable of suing or being sued. *See* La. Rev. Stat. Ann. § 33:361; *see* also *Francois v. City of Gretna*, No. 13-2640, 2015 WL 846698, at *2 (E.D. La. Feb. 25, 2015). For these reasons, federal courts have consistently held that the city police departments in Louisiana lack juridical capacity. *See*, *e.g.*, *id.*, at *3; *Winding v. City of New Orleans*, No. 14-2460, 2015 WL 222365, at *5 (E.D. La. Jan. 14, 2015); *Burns v. Westwego Police Dep't*, No. 14-2242, 2014 WL 7185449, at *2 (E.D. La. Dec. 16, 2014); *Martin v. Davis*, No. 06-1770, 2007 WL 763653, at *2 (E.D. La. Mar. 8, 2007).

Because the Houma Police Department is not capable of being sued, it is not a proper party and the claims against it must be dismissed as frivolous or for failure to state a claim for which relief can be granted. 28 U.S.C. § 1915 and § 1915A.

**B.    Claims against Plantation Truck and Staff**

Broadly construing his complaints, Richard sued the Plantation Truck store and an unidentified store employee under § 1983 alleging that he was slandered and falsely accused by the store employee of stealing beer and this led to his false imprisonment. He also seeks damages from them for his mental anguish. The store and its employee are not state actors for purposes of liability under § 1983 and the federal claims against them should be dismissed.

Under § 1983, a federal cause of action exists against any person, who, acting under color of state law, deprives another of his constitutional rights. 42 U.S.C. § 1983; *see Will v. Mich. Dept. of State Police*, 491 U.S. 58, 60 & n.1 (1989). To state a claim under § 1983, a plaintiff must indicate both the constitutional violation and that the responsible person was acting under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Polk County v. Dodson*, 454 U.S. 312, 326 (1981). "[T]he under-color-of-state-law element of § 1983 <u>excludes</u> from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Am. Mfrs. Mut. Ins., Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (emphasis added) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948)). In keeping with this rule, neither a private company nor a private individual are considered to act under color of law and are not state actors to be held liable under § 1983. *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005) ("Private individuals generally are not considered to act under color of law, i.e., are not considered state actors. . ."); *Pleasant v. Caraway*, 25 F.3d 1044, 1994 WL 261217, at *1 (5th Cir. June 6, 1994) (Table, Text in Westlaw) (same).

In this case, the Plantation Truck store and its employee were the victims of the theft charged against Richard. The unidentified employee also allegedly identified Richard as the perpetrator. In these capacities, neither defendant is a state actor for purposes of § 1983 liability.

4

It is well settled that "[a] private individual complainant in a criminal prosecution does not act under color of law." *Pleasant*, 1994 WL 261217, at *1 (citing *Grow v. Fisher*, 523 F.2d 875, 879 (7th Cir. 1975)); *see also Melton v. Dermota*, No. 90-1530, 1991 WL 147490, at *7 (4th Cir. Aug. 6, 1991); *Daniel v. Ferguson*, 839 F.2d 1124, 1130 (5th Cir. 1988); *Schwertz v. Millon*, No. 09-6813, 2009 WL 4757381, at *2 (E.D. La. Dec. 4, 2009); *Hoffman v. Ferguson*, No. 09-5052, 2009 WL 1606736, at *3 (W.D. Ark. Jun. 5, 2009); *Serbalik v. Gray*, 27 F. Supp.2d 127, 131-32 (N.D.N.Y. 1998); *Rodgers v. Lincoln Towing Service, Inc.*, 596 F. Supp. 13, 21 (N.D. Ill. 1984), *aff'd*, 771 F.2d 194 (7th Cir. 1985). Moreover, the fact that the police relied on the store employee's identification and complaint to charge Richard with theft does not make her a state actor. *See Pleasant*, 1994 WL 261217, at * 1 (citing *Hernandez v. Schwegmann Bros. Giant Supermarkets, Inc.*, 673 F.2d 771, 772 (5th Cir. 1982)); *see also Melton*, 1991 WL 147490, at *7; *Daniel*, 839 F.2d at 1130; *Schwertz*, 2009 WL 4757381, at *2.

Richard has alleged no basis to hold these defendants liable as state actors under § 1983. *See Ballard*, 413 F.3d at 518 (an exception for private actor liability can exist when "a private person is involved in a conspiracy or participates in joint activity with state actors.") (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150-52 (1970)); *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004) (private person/company not liable under § 1983 unless plaintiff alleges and proves an agreement between private and public defendants to commit an illegal act resulting in a deprivation of the plaintiff's constitutional rights). His § 1983 claims against the store and its employee should be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e).[3]

---

[3] These defendants are not government officials and the case does not involve prison conditions. The

Richard has also asserted state law slander claims against Plantation Truck and its employee as a result of the allegedly false accusations against him. Richard asserts that the claims are directly related to the criminal charges and criminal process pending against him. For this reason, the state law slander claims are tied to the validity of the conviction and are premature until the charges are resolved. *See Lavergne v. Harson*, 583 F. App'x 361, 362 (5th Cir. 2014) (claims of libel and slander related to the criminal charges brought against the plaintiff "implicitly call into question the validity of his convictions.") As is more fully discussed in the following section related to the claims against Officer Holmes, the premature slander claims against these defendants must be stayed in accordance with *Wallace v. Kato*, 549 U.S. 384, 394 (2007), while the related criminal charges are pending.

### C.   Claims against Officer Holmes

Richard asserts that the arresting officer, Officer Oliver Holmes, should be held liable to him under for false imprisonment and slander. He also seeks compensation for his pain, suffering and mental anguish. For the reasons that follow, the court is without jurisdiction to consider the plaintiff's claims against Officer Holmes at this time.

When a § 1983 plaintiff asserts claims that challenge his imprisonment, the Court must consider the doctrine espoused in *Heck v. Humphrey*, 512 U.S. 477 (1994), and its progeny, that bar review of such claims. In *Heck*, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28

---

standards and grounds for dismissal under 28 U.S.C. § 1915A and 42 U.S.C. § 1997e do not apply to these defendants.

> U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.*, 512 U.S. at 486-87 (emphasis in original) (footnote omitted).

Thus, the *Heck* doctrine bars a false arrest claim brought by a <u>convicted</u> prisoner until such time as he obtains a favorable disposition on all of the underlying criminal charges for which he was arrested. *See Wallace*, 549 U.S. at 394; *Queen v. Purser*, 109 F. App'x 659, 660 (5th Cir. 2004); *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995); *Jordan v. Strain*, No. 09-3565, 2009 WL 2900013, at *2 n.4 (E.D. La. Aug. 28, 2009); *Landor v. Hogue*, No. 07-9171, 2008 WL 243950, at *3 (E.D. La. Jan. 25, 2008). The same is true with respect to any related false imprisonment and state law defamation claims, like those asserted by Richard against Officer Holmes and Plantation Truck and its staff. *See Cormier v. Lafayette City-Parish Cons. Gov't*, 493 F. App'x 578, 583-84 (5th Cir. 2012).

Thus, if Richard had been convicted when he filed this suit, the Court would clearly bar review of all of his claims against Officer Holmes and the slander claims against the store and its employee. However, when plaintiff filed suit, he was awaiting trial on his criminal charges, and he has not indicated since that he has been convicted. The United States Supreme Court has held that *Heck* does <u>not</u> bar "an action which would impugn *an anticipated future conviction*. . . ." *Wallace*, 549 U.S. at 393 (emphasis in original). The Supreme Court also made clear in *Wallace* that federal courts should <u>not</u> forge-ahead with cases where the plaintiff has pending state criminal charges. Rather, the Supreme Court held:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Id*. at 393-94 (citations omitted).

Under this reasoning, Richard's claims against Officer Holmes, and his state law slander claims against the store and its employee, should be stayed until such time as Richard is convicted or the state criminal proceedings are concluded and the Court can determine how to proceed with his claims. For this reason, the remaining claims in these consolidated cases should be stayed pursuant to *Wallace* and administratively and statistically closed.

## IV. Recommendation

It is therefore **RECOMMENDED** that Richard's § 1983 claims and any state law claims against the Houma Police Department be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915 and § 1915A as frivolous and otherwise for failure to state a claim for which relief can be granted.

It is further **RECOMMENDED** that Richard's § 1983 claims of false imprisonment against Plantation Truck and its staff be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2) as frivolous and otherwise for failure to state a claim for which relief can be granted.

It is further **RECOMMENDED** that Richard's § 1983 claims of false imprisonment against Officer Holmes and his state law slander claims against Officer Holmes and Plantation Truck and its staff be **STAYED** and these consolidated cases **CLOSED** for administrative and

statistical purposes until Richard is convicted or the state criminal proceedings are concluded and a motion to reopen is granted by the Court.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[4]

New Orleans, Louisiana, this ___23rd___ day of January, 2020.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[4]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.